[956 NYS2d 65]

In the Matter of SHMUEL B. KLEIN (Admitted as SHMUEL BEREL KLEIN), a Suspended Attorney, Resignor.

Second Department, December 5, 2012

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria J. Anderson* of counsel), for Grievance Committee for the Ninth Judicial District.

*Shmuel B. Klein*, Spring Valley, resignor pro se.

OPINION OF THE COURT

Per Curiam.

Shmuel B. Klein, admitted as Shmuel Berel Klein, has submit-

ted an affidavit dated May 29, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Klein was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 29, 1988, under the name Shmuel Berel Klein.

Mr. Klein is the subject of pending charges of professional misconduct, including that he was convicted after trial of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), and that he failed to reregister as an attorney with the Office of Court Administration. He acknowledges that he cannot successfully defend himself against the charge that he failed to maintain his attorney registration following his suspension from the practice of law, and further acknowledges that he was convicted of "a misdemeanor."

Mr. Klein further acknowledges that his resignation is freely and voluntarily rendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including the fact that he is barred from applying for reinstatement as an attorney for at least seven years.

Additionally, Mr. Klein avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d), and he specifically waives his opportunity pursuant to Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court accept Mr. Klein's resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.

Inasmuch as the proffered resignation substantially complies with the requirements of 22 NYCRR 691.9, it is accepted, and, effective immediately, Mr. Klein is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

RIVERA, J.P., DILLON, ANGIOLILLO, FLORIO and LOTT, JJ., concur.

Ordered that the resignation of Shmuel B. Klein, admitted as Shmuel Berel Klein, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shmuel B. Klein, admitted as Shmuel Berel Klein, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Shmuel B. Klein, admitted as Shmuel Berel Klein, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Shmuel B. Klein, admitted as Shmuel Berel Klein, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Shmuel B. Klein, admitted as Shmuel Berel Klein, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).